UNITED STATES BANKRUPTCY COURT
DISTRICT OF MARYLAND
BALTIMORE DIVISION

IN RE:  BCN#: 19-12411
JAMES EDWARD SCOTT  Chapter: 13
    Debtor

## RESPONSE TO DEBTOR'S EMERGENCY MOTION TO EXTEND AUTOMATIC STAY AND REQUEST FOR IN REM RELIEF

COMES NOW, Nationstar Mortgage LLC d/b/a Mr. Cooper, its assignee and/or successors in interest, ("Respondent"), by Counsel, alleges as follows:

1. Respondent holds a first Purchase Money Deed of Trust that originated June 21, 2017, secured only by Debtor's property known as 6554 Pennacook Court, Columbia, MD 21045 (Subject Property").

2. Debtor has two prior bankruptcy cases that have been dismissed in the previous twelve months: case no. 18-16231 was dismissed on August 31, 2018 for failure to pay the filing fee and case no. 18-24757 was dismissed on January 17, 2019 for failure to complete the required filings.

3. That on or about March 11, 2019, Debtor filed a Motion to Extend Automatic Stay ("Motion")[1], stating that the "Debtor has a permanent part time job that will enable him to make his plan payments." The Motion goes on to state that the Debtor's first case failed due to the Debtor having insufficient income and the

---

[1] Debtor requests that this Honorable Court extend the automatic stay however, the Debtor has had two prior dismissals in the previous 12 months, thus the Motion should be treated as a request to impose the automatic stay.

S&B# 17-270806

Debtor's second case failed as he filed the case pro se and in part because of insufficient income.

4. Pursuant to 11 U.S.C. § 362(c)(4)(A)(i):

"if a single or joint case is filed by or against a debtor who is an individual under this title, and if 2 or more single or joint cases of the debtor were pending within the previous year but were dismissed … the stay under subsection (a) shall not go into effect upon the filing of the later case."

5. Since the Debtor had two prior bankruptcy cases pending and dismissed within the twelve months preceding the filing of this current Petition, the automatic stay of 11 U.S.C. § 362(a) did not go into effect upon the filing of this current Petition.

6. Pursuant to 11 U.S.C. § 362(c)(4)(D), a "case is presumptively filed not in good faith" if "2 or more previous cases under this title in which the individual was a debtor were pending within the 1-year period"; if a case was dismissed "after the debtor failed to file or amend the petition or other documents as required by this title or the court without substantial excuse"; or "there has not been a substantial change in the financial or personal affairs of the debtor since the dismissal of the next most previous case under this title, or any other reason to conclude that the later case will not be concluded, if a case under chapter 7, with a discharge, and if a case under chapter 11 or 13, with a confirmed plan that will be fully performed." The moving party has the burden of providing clear and convincing evidence when demonstrating the filing was not filed in bad faith.

7. The Debtor's Motion should be denied as the pending bankruptcy case was not filed in good faith. The Debtor's first bankruptcy case, no. 18-16231, was dismissed. His second case, no. 18-24757, was also dismissed.

S&B# 17-270806

8. Since Debtor's pending bankruptcy case was not filed in good faith and because this Court is unable to provide the relief requested, the Debtor's Motion should be denied.

9. Debtor's Schedule I filed in his prior filing, case no. 18-16231, lists monthly income of $4,650.16. Debtor's schedule I in the above captioned case lists his monthly income as $4,199.65. With a substantial decrease in monthly income, it is unclear how the Debtor has the ability to have a Chapter 13 Plan confirmed and completed. While the Debtor's net monthly income in schedule J appears to have increased from the original bankruptcy Case, the expenses appear to be understated and not realistic.

10. When looking at the totality of the circumstances, this case, like the two previous cases, was filed on the eve of a scheduled foreclosure sale in order to stop the sale. Timing of when the petition has been filed should be considered when determining if a case was filed not in bad faith.

11. In addition, the subject deed of trust is currently due for the August 1, 2017, no payments have been made towards this loan since the time of origination. Mr. Cooper has been severally prejudiced by the number of filings since not only are the cases resulting in the plans not being confirmed, post-petition payments to Mr. Cooper also are not made after each of these filings.

12. Debtor has not demonstrated how he is now able to make plan payments and continue making post-petition mortgage payments. With the arrears to Mr. Cooper are estimated around $41,000.00 the current plan is severely underfunded just with regards to the debt owed to Mr. Cooper, not even considering any other creditors.

13. Furthermore, the Debtor has failed to provide clear and convincing evidence that the above captioned case was filed in good faith.

WHEREFORE, Mr. Cooper prays that the Debtor's Motion to Extend Stay be denied. Movant also prays for an Order Granting in rem relief as to the above-described property for a period of two (2) years from the date of the entry of its Order, so that neither the automatic stay of 11 U.S. C. §362(a) nor the automatic stay of 11 U.S.C. 1301(a) shall affect the above described property in the event of a future filing by the Debtor, or any other person or entity claiming an interest in the property during said two (2) year period, and shall not create any automatic stays which would prevent the Movant from the enforcement of its security interest against the above-described property.

Dated:_____03/22/2019_____

SHAPIRO & BROWN, LLP

Attorneys for Movant

By:____/s/ Renee Dyson_____
William M. Savage, Esquire
Federal I.D. Bar No. 06335
Kristine D. Brown, Esquire
Federal I.D. Bar No. 14961
Thomas J. Gartner, Esquire
Federal I.D. Bar No. 18808
Gregory N. Britto, Esquire
Federal I.D. Bar No. 22531
Renee Dyson, Esquire
Federal I.D. Bar No. 15955
SHAPIRO & BROWN, LLP
10021 Balls Ford Road, Suite 200
Manassas, Virginia 20109
(703) 449-5800

S&B# 17-270806

CERTIFICATE OF SERVICE

I certify that I have mailed true copies of the above mentioned Response by electronic or first class mail, postage pre-paid on the __22nd____ day of March to the following:

JAMES EDWARD SCOTT        - Debtor(s)
6554 PENNACOOK COURT
COLUMBIA, MD 21045


Robert S. Thomas, II        - Trustee
300 E Joppa Road, Suite 409
Towson, MD 21286


J. Michael Broumas        - Debtors' Attorney
Broumas Law Group LLC
8370 Court Avenue, Suite 203
Ellicott City, MD 21043


      _____/s/ Renee Dyson _____
      William M. Savage, Esquire
      Kristine D. Brown, Esquire
      Thomas J. Gartner, Esquire
      Gregory N. Britto, Esquire
      Renee Dyson, Esquire

S&B# 17-270806